ALLIED SILK MANUFACTURERS, Inc., v. ERSTEIN et al.   (No. 7461.)

(Supreme Court, Appellate Division, First Department.   June 18, 1915.)

DAMAGES ☞40—BREACH OF CONTRACT—FUTURE PROFITS.
 Where the factors for silk merchants breached their contract to furnish money for the conduct of the business for a year, the merchants were entitled to recover damages for loss of future profits, if such profits could be proved with reasonable certainty, and it was error to exclude all evidence as to what such profits would be.

 [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. ☞40.]

Appeal from Trial Term, New York County.

Action by the Allied Silk Manufacturers, Incorporated, against Leopold Erstein and others.   From a judgment for plaintiff on directed verdict for nominal damages only, plaintiff appeals.   Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harold A. Andrews, of New York City, for appellant.
Daniel P. Hays, of New York City, for respondents.

SCOTT, J.   Plaintiff is a corporation organized for and engaged in the business of receiving manufactured silk from the makers thereof and selling it.   To carry on this business it is necessary to make advances to the manufacturers, and to enable itself to do this plaintiff made a contract with defendants by which the latter agreed to act as plaintiff's factors.   The agreement was similar to other contracts of a like character, which have not infrequently come before the courts.   The contract was dated August 22, 1912, and was to run for a year from August 26, 1912.   It was agreed that defendants should make advances to plaintiff on the merchandise owned by or consigned to it, which should be, until sold, delivered to and held by defendants. Plaintiff was to have the right to sell the goods subject to the approval of defendants, who were to furnish facilities for the sale; the accounts of sale being made payable to or assigned to defendants.   To a very limited extent the defendants were to guarantee the sales. Plaintiff agreed to pay defendants interest upon advances at the rate of 6 per cent. per annum, and a commission of 2½ per cent. upon the net sales.

The business was commenced under this agreement on August 26, 1912, and continued under about the 1st of October, when defendants apparently without any justifiable reason, refused to proceed further with the contract or to make further advances thereunder.   During this period plaintiff had received for sale from its customers merchandise to the amount of nearly $40,000, upon which defendants had advanced about $30,000.   Of these goods plaintiff had sold nearly $6,000 worth.   The defendants did not deny their breach of the contract, nor attempt to justify it, but moved that a verdict be rendered in plaintiffs' favor for nominal damages, which motion was granted,

upon the apparent ground that the business done up to the time of the breach had been unprofitable to plaintiff, and that therefore it had suffered no damage from the breach of the contract. This result was arrived at by the persistent refusal of the trial court to permit the plaintiff to prove its probable future profits if the contract had been carried out.

In this we think the court erred. The breach of the contract having confessedly been due to the fault of the defendant the loss of profits, future as well as past were recoverable providing they could be proved with reasonable certainty. Dart v. Laimbeer, 107 N. Y. 664, 14 N. E. 291; Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676. Whether the plaintiff could have adequately proven that there would have been future profits we are unable to say, because all evidence bearing upon that question was excluded; but at all events it was entitled to try to prove it. It is manifest that the profits under such a contract must largely depend upon the volume of business transacted and the amount of goods sold. The plaintiff proved that it had entered into contracts with certain manufacturers for the sale of the entire output of 243 looms, but was not allowed to prove, as it offered to do, what that output would amount to. It also offered to prove that it could have made contracts for the output of 264 other looms, but was obliged to refuse to enter into such contracts in consequence of defendants' refusal to proceed with their agreement.

We repeat that we cannot tell from the record before us whether or not plaintiff, if allowed to do so, could have proved with sufficient certainty that it would have made future profits or the amount thereof. All we now decide is that the case is one in which future profits, if sufficiently proven, are recoverable. It is conceded that plaintiff is entitled to recover $66.71, a balance due upon the business that was carried on during the short lifetime of the contract. For this sum, at all events, it was entitled to a judgment.

It follows that the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.