ALLIED SILK MANUFACTURERS, INC., Appellant, *v.* LEOPOLD ERSTEIN and MAX ERSTEIN, Copartners, under the Firm Name of L. ERSTEIN & BRO., Respondents.

First Department, February 4, 1921.

Contracts — action for breach of factor's agreement — substantial damages not shown — measure of damages — burden of proof.

A verdict in favor of the plaintiff for nominal damages in an action for breach of an ordinary factor's agreement was justified where the plaintiff failed to establish the affirmative allegations that it " diligently endeavored to secure another factor who would perform the services that the defendant contracted to do but without success," and that it was compelled to discontinue business because of defendant's refusal to carry out the contract.

If the plaintiff had obtained another factor, the difference in cost to it between such agreement and the cost under the defendant's agreement, for the duration of the later agreement, would have been the measure of damage.

The burden was on the plaintiff to show substantial damages by establishing the value to it of the contract.

MERRELL, J., dissents.

APPEAL by the plaintiff, Allied Silk Manufacturers, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 19th day of March, 1919, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 21st day of March, 1919, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*William D. McNulty,* for the appellant.

*Daniel P. Hays* of counsel [*Hays, Hershfield & Wolf,* attorneys], for the respondents.

DOWLING, J.:

Plaintiff appeals from a judgment entered upon a directed verdict in its favor for six cents on its first cause of action, and for $90.89 on its second cause of action. The second cause of action is based upon a balance due under an account

stated and liability therefor is admitted by the defendants. The question presented by this appeal is whether the learned trial court was correct in directing a verdict for nominal damages only upon the plaintiff's first cause of action which sets forth a claim in the amount of $45,000 for breach of a contract whereby the defendants were to act as plaintiff's factors for the period of one year from August 26, 1912, and thereafter from year to year unless terminated by ninety days' notice in writing prior to the expiration of the first year or any year thereafter. This contract bears date August 22, 1912, and under its terms the factors were to make advances upon goods delivered to them by plaintiff to the extent of seventy-five per cent of the net value of plain goods, and sixty-six and two-thirds per cent of the net value of fancy goods. These goods, consisting of manufactured silks, were to be delivered into the possession of the defendants who were to discharge the usual duties of a factor in relation thereto. For their services the defendants were to receive from plaintiff two and one-half per cent on all net sales of goods in the possession of the defendants, together with six per cent per annum interest upon all advances made by them. The plaintiff was to make sales of goods so delivered, subject to the approval of the defendants to whom the purchase price thereof was to be paid. Defendants were to guarantee payment of such accounts as they might approve, the losses, however, to be limited to one-half of one per cent upon the net sales so guaranteed. All selling expenses were to be borne by plaintiff. It was proven that this contract was breached by the defendants about the beginning of October, 1912, and upon this record such breach was unjustified.

Upon a prior appeal to this court from a judgment for nominal damages by direction, it was held (168 App. Div. 283) that the direction was erroneous, as the breach of the contract having confessedly been due to the fault of the defendants the loss of profits, future as well as past, was recoverable providing they could be proved with reasonable certainty. All that this court then decided was that the case was one in which future profits, if sufficiently proven, were recoverable, and that error had been committed in excluding certain evidence.

Upon this trial the plaintiff attempted to make proof of the value to it of this contract with the defendants. This contract was in no respect extraordinary or unusual. It was the ordinary factor's agreement. Plaintiff contends that the contract was of value to it because the percentage of commission charged by the defendants was unusually low. The plaintiff, of course, could have established a basis for damages against the defendants if it had been obliged by the defendants' breach of this agreement to go to another factor to handle its business. If it had obtained another factor, the difference in cost to it between such agreement and the cost under the defendants' agreement, for the duration of the latter contract, would have been the measure of damage. The plaintiff did not, however, as a matter of fact, obtain another factor and its efforts so to obtain one were so limited as to demonstrate that it did not use reasonable diligence in its quest. Plaintiff's witnesses conceded that there were many firms available doing a general factor's business and it is apparent that there would have been no difficulty in obtaining a factor to take up the defendants' contract if the plaintiff in good faith desired to continue its business. Not being able to show any actual loss due to increased cost of carrying on its business because of the defendants' breach of agreement, the plaintiff is forced to rely upon the other branch of its claim for damage. Having failed to prove the allegation of the complaint that it diligently endeavored to secure another factor who would perform the services that the defendants contracted to do, but without success, plaintiff now asks solely for the value of the contract to it. Its appeal on this branch of the case depends upon the question of whether the court improperly excluded testimony which would tend to prove the value of its contract as this court heretofore held it was entitled to make proof. The sole allegation in the complaint of a breach of the agreement by the defendants is " that by reason of the refusal of the defendants to make the advances provided for in their contract, the plaintiff was unable to fulfill its contract or enter upon new ones with other silk mills and was compelled to discontinue business." Of this allegation the plaintiff made no adequate proof. It can be seen that this charge that the defendants were responsible for the abandonment of plaintiff's business

is necessarily connected with the following paragraph of the complaint alleging that plaintiff diligently endeavored to secure another factor who would act for it, but was unsuccessful. Plaintiff has not established upon this trial that the reason why it was compelled to discontinue business was because the defendants refused to make advances. On the contrary, it affirmatively appears that it suspended because it did not obtain another factor to finance its operations and that, upon this record, was due to its own lack of diligence, or of desire to continue with another factor. The plaintiff did not show that on the comparatively small operations it had carried on during the life of the contract it had made any profit or that the contract was likely to prove a profitable one. Its offer of certain statements as to business done for it by defendants was so involved and coupled with its effort to attack the account stated, that the exclusion of those statements was not error.

I am unable to find any exclusion of proffered proof requiring a reversal of the judgment, or any proof received which established more than a nominal value for the contract, or more than nominal damages for the breach. Under the theory of the complaint, and upon the proof, no actual damage had been established.

Appellant now contends that it was not incumbent upon it to show that it had used due diligence to obtain another factor to handle its business, and seeks to bring the case within the rule laid down in actions brought to recover damages for breach of a contract of employment. In the first place, plaintiff has affirmatively pleaded as part of its cause of action that it " diligently endeavored to secure another factor who would perform the services that the defendant contracted to do but without success," and it failed to establish the facts set forth in such allegation. In the second place, in a contract of employment, *prima facie* the amount of damage caused by its breach by the employer is the compensation as fixed thereby for the balance of its term. That is the necessary value of such a contract, subject to such deductions as represent the actual earnings of the employee in other service after the breach. The elements whereby the damage may be ascertained

appear upon the face of the agreement itself. But in the present case no such elements appear in the contract, and plaintiff's duty was to establish the value to it of the contract, and in my opinion it utterly failed to prove more than nominal damages.

The judgment should, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN and GREENBAUM, JJ., concur; MERRELL, J., dissents.

Judgment affirmed, with costs.